

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

May 28, 1970

Hon. J. W. Edgar                    Opinion No. M- 643
Texas Education Agency
301 E. 11th Street                  Re:  Interpretation of Section 2
Austin, Texas                            of Article 2922-14, Vernon's
                                         Civil Statutes.

Dear Dr. Edgar:

By recent letter you have requested an opinion concerning a portion of House Bill 240, Acts of the 61st Legislature, Regular Session, 1969, codified as Section 2, Article 2922-14, Vernon's Civil Statutes. [1]    We quote from your letter:

"The Board of Education of the Houston In-
dependent School District has requested that I
submit for an opinion from the Office of Attorney
General the following questions relative to an
interpretation of House Bill 240 (Acts 61st Leg.,
R.S., 1969, pgs. 2634-2638), and particularly that
part, Section 2 of Article 2922-14, as amended,
concerning certain teacher-personnel salaries for
1970-71:

"1.   If classroom teachers or other personnel
      covered by H.B. 240 begin their employ-
      ment in August 1970, prior to September 1,
      1970 (the beginning of the 1970-71 school
      year), should such personnel be compensated
      for their August service on the 1969-70 or
      1970-71 salary schedule?

"2.   If classroom teachers or other personnel
      covered by H.B. 240 begin employment in
      August 1970, will the cost (for their
      August employment) be paid or reimbursed

[1] This Article is repealed by Sec. 2 of the Texas Education Code,
    but as amended by this H.B. 240 the Article is made effective
    by Sec. 5 of that same Code.

out of the 1970-71 Foundation School Fund, or will the school district be required to bear this expense from local funds?

"3. Does the attached school calendar, which calls for 5 inservice training days for teachers in August 1970 and 185 days (180 teaching and 5 inservice) in 1970-71 year, comply with H.B. 240 (Sec. 2, Article 2922-14, inservice) beginning 1970-71?

"We forward also a copy of a memorandum of this office prepared April 23, 1970. It outlines the history and departmental construction or practice of long standing wherein this Agency has construed the Foundation Program Act (since its inception in 1949 and following the practice initially authorized in the third quote we cite from the Equalization Act -- H.B. 295, 50th Leg., R.S., 1947) to permit salary allocations to school districts for 12-month employees (superintendents, principals, vocational teachers) to be reimbursed from biennium appropriations retroactive to July 1 next preceding. With respect to 11-month employees, principals, salary allocations have been allowed retroactive to August 1; and further, in isolated situations this Agency has applied the practice to summer operated split school sessions; viz., applied the increased salary schedule for those teachers who began teaching (in late July) about six weeks before the ensuing school term generally or normally begins.

"In line with this described past departmental construction and practice, we believe that school districts may be advised further that they can begin and/or prepare their teachers (the personnel referred to in amended Section 2, Article 2922-14) for the 1970-71 school year in August 1970, and that the districts legally may be reimbursed from the Foundation Program Fund at the 1970-71 salary schedule provided in H.B. 240. The service of such teacher personnel is preparation for the 1970-71 school term whether it begins a day or a few weeks immediately before September 1, or thereafter. The appropriation for 1970-71 reasonably may be construed, we believe, as intended to provide and allow allocations based on the 10-month salary schedule for 1970-71 for teachers engaged for the regular 1970-71 school

term, who report for service or teaching as directed by the local district."

The statute in question, Section 2 of Article 2922-14, Vernon's Civil Statutes, which this office is requested to interpret is quoted as follows:

"Sec. 2. Beginning with the school year 1970-71, all classroom teaching positions and all other positions previously authorized for less than ten (10) months shall be paid at an annual rate calculated on the basis of ten (10) months' compensation for ten (10) months' service. Such service shall include the one hundred eighty (180) day school term providing instruction for pupils plus not to exceed ten (10) days of inservice education and preparation for the beginning and ending of the school term."

Your first question asks, in effect, whether teachers and other personnel subject to the above quoted provision of Article 2922-14 should be paid for their inservice training in August 1970 from the 1969-70 or the 1970-71 salary schedule.

We have examined the provisions of Article 2922-14 quoted above, and the other related provisions of that Article, and conclude that the Legislature obviously intended that the pay for the inservice training in preparation for the beginning and ending of the 1970-71 scholastic or school year, which begins September 1, 1970 and ends August 31, 1971 (Section 21.001, Texas Education Code) should come from the 1970-71 salary schedule.

Our conclusion is supported by Subsection (1) of Section 1 of House Bill 240 (codified as Section 1(1) of Article 2922-14) which reads:

"Classroom teachers. For the 1969-70 school year the annual salary of classroom teachers shall be the monthly base salary, plus increments, multiplied by nine (9). For the 1970-71 school year the annual salary of classroom teachers shall be the monthly base salary plus increments multiplied by ten (10)."

Construing the two quoted provisions together, we find that the teachers are receiving, in effect, a pay increase of one month to their annual salary for the 1970-71 school year (Subsection (1) of Section 1 of Article 2922-14), and at the same time the teachers may be required to put in additional time in inservice training up to ten (10) days in preparation for the scholastic year beginning September 1, 1970.

Both the salary increase and the inservice training provisions are tied to the 1970-71 school year, even though the inservice training is during the month of August, 1970. Obviously some of this training must precede the beginning of the school year in order to comply with the requirement of beginning preparation.

In regard to question two (2), we also agree with your conclusion that it was the Legislature's intent that the inservice training to be held for preparation for the 1970-71 school year was to be covered by the Foundation School Program for 1970-71.

In regard to question three (3), the only requirement on the inservice training time is a maximum of ten days plus the 180 days of teaching time required to complete a school year. Section 2 of Article 2922-14 provides that the inservice days are for the purpose of preparation for both the beginning and the ending of the school term. Our opinion is that these 10 days may be interspersed both before and during the school year, and that their scheduling as shown by the attached exhibit meets the requirements of the statute.

## S U M M A R Y

Classroom teachers and other personnel subject to provisions of Section 2 of Article 2922-14, Vernon's Civil Statutes, who attend inservice training in August, 1970, should be paid under the 1970-71 salary schedule and such payments would be covered under the minimum Foundation Program for 1970-71 school year.

The inservice training schedule attached as Exhibit "A" to the opinion request is an acceptable schedule pursuant to Section 2 of Article 2922-14, Vernon's Civil Statutes.

Hon. J. W. Edgar, page 5  (M-643)

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by James C. McCoy
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Co-Chairman
Jack Goodman
Harold Kennedy
Ray McGregor
Jack Dillard

MEADE F. GRIFFIN
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant